**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5435-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TIMOTHY CHMIEL,

    Defendant-Appellant.

_____

Argued September 25, 2017 — Decided  October 11, 2017

Before Judges Whipple and Rose.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 16-015.

Luke C. Kurzawa argued the cause of appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Mr. Kurzawa, on the brief).

Mary R. Juliano, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Ms. Juliano, of counsel and on the brief; Vanessa L. Coleman, Legal Assistant, on the brief).

PER CURIAM

Defendant Timothy Chmiel appeals from a Law Division order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

Defendant was charged with driving while intoxicated ("DWI"), N.J.S.A. 39:4-50(a), refusal to submit to a breath test, N.J.S.A. 39:4-50.4(a),[1] reckless driving, N.J.S.A. 39:4-96, and unsafe lane change, N.J.S.A. 39:4-88(b).

Defendant, represented by counsel, pled guilty to DWI in Brielle Municipal Court. The State dismissed the remaining charges. Defendant was sentenced as a fourth-time offender to 180 days in jail, mandatory fines, and penalties. Defendant did not appeal the conviction.

Defendant filed a PCR petition with the municipal court, pursuant to Rule 7:10-2, claiming that plea counsel was ineffective for failure to challenge the motor vehicle stop. The municipal judge denied the petition. Subsequently, pursuant to Rule 3:23-1, defendant appealed the municipal judge's order to the Law Division on the same grounds.

Defendant now appeals from the Law Division's order denying his PCR petition. Renewing his previous argument, defendant presents the following issue for our consideration:

---

[1] The summons was incorrectly cited as N.J.S.A. 39:4-50.2.

THE LAW DIVISION ERRED WHEN IT FOUND THAT [] DEFENDANT FAILED TO ESTABLISH A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL, AND AS A RESULT, HIS APPLICATION FOR POST-CONVICTION RELIEF SHOULD BE GRANTED, HIS CONVICTION VACATED, AND THE MATTER REMANDED TO ANOTHER MUNCIPAL COURT WITHIN THE MONMOUTH VICINAGE FOR FURTHER PROCEEDINGS.

I.

We glean the facts pertinent to this appeal from the record.[2] Following a telephone call from defendant's concerned female friend to the Brielle Police Department, Officer Gary Olsen was dispatched to defendant's residence to conduct a welfare check. Upon arrival, a male neighbor met Olsen and advised he had just observed defendant lying on the ground appearing intoxicated. According to the neighbor, defendant then entered his red, older model Ford Explorer and drove from the area. The neighbor disclosed that defendant often drove to a nearby convenience store to purchase alcohol and cigarettes.

Acting on the information provided by defendant's neighbor, Olsen drove to the nearest convenience store and observed defendant enter a red Ford Explorer and drive onto Higgins Avenue toward Highway 71. Olsen followed defendant and activated his vehicle's

---

[2] As noted in the State's brief, the facts are garnered from the police report proffered by defendant to support his claim that plea counsel was ineffective. The trial judge cited these facts in his opinion.

emergency lights. Defendant did not pull over, but eventually drove onto Highway 35. Olsen activated his vehicle's sirens, but defendant failed to stop until he reached the driveway of his residence. Olsen approached the driver's side of defendant's vehicle and detected an odor of alcohol emanating from the interior through the open window. Defendant's eyes were bloodshot and watery, and his movements were slow and deliberate. Defendant stated he had been shaking all day and his only relief resulted from drinking vodka. Defendant was arrested and charged as set forth above.

## II.

We review the PCR court's findings of fact under a clear error standard, and conclusions of law under a de novo standard. See State v. Harris, 181 N.J. 391, 420-21 (2004), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). Where, as here, however, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'" State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (alteration in original) (quoting Harris, supra, 181 N.J. at 421), certif. denied, 206 N.J. 64 (2011).

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, entitlement to the

requested relief. State v. Preciose, 129 N.J. 451, 459 (1992). The mere raising of a claim for PCR does not, however, entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, supra, 129 N.J. at 459-64; R. 3:22-10(b).

Pursuant to the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and United States v. Cronic, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), as adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987), the defendant must demonstrate counsel's performance was both deficient and prejudicial. State v. Martini, 160 N.J. 248, 264 (1999) (citing Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693)). The performance of counsel is "deficient" if it falls "below an objective standard of reasonableness" measured by "prevailing professional norms." Strickland, supra, at 466 U.S. at 687-88, 104 S. Ct. at 2064-65, 80 L. Ed. 2d at 693-94. In the context of a PCR petition challenging a guilty plea based on the ineffective assistance of counsel, the second prong is established when the defendant demonstrates a "'reasonable probability that,

but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

Defendant asserts that plea counsel was constitutionally ineffective because he failed to file a motion to suppress the motor vehicle stop. When a defendant's ineffective assistance of counsel claim is based on a failure to file a suppression motion, defendant must establish that the suppression motion has merit. State v. O'Neal, 190 N.J. 601, 618—19 (2007); State v. Fisher, 156 N.J. 494, 501 (1998). "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion[.]" O'Neal, supra, 190 N.J. at 619. Here, defendant has not demonstrated that a motion to suppress the stop of his vehicle would have been successful. Rather, based on his assessment of the totality of the circumstances, Olsen had a reasonable and articulable suspicion that defendant was intoxicated while driving. State v. Stovall, 170 N.J. 346, 356 (2002).

The standards governing motor vehicle stops are familiar and well-settled, and we need not review them at length here. See, e.g., Delaware v. Prouse, 440 U.S. 648, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979); State v. Locurto, 157 N.J. 463, 470 (1997); State v. Golotta, 178 N.J. 205, 213 (2003). An officer must have at

least a reasonable and articulable suspicion of a motor vehicle violation or criminal offense in order to effectuate an investigatory stop. <u>Golotta</u>, <u>supra</u>, 178 <u>N.J.</u> at 213. The underlying issue in this appeal is whether the officer had a sufficient basis to stop defendant on suspicion he was under the influence of alcohol. The answer turns on the reliability of the neighbor's report.

Contrary to defendant's claims, Olsen did not act on an anonymous tip, but rather pursuant to specific information provided by his concerned neighbor. The principles in <u>Golotta</u> guide our analysis here. We begin by looking at the source and circumstances of the "tip." The tip did not come from someone from the criminal milieu who might seek some favor in return. Rather, it came from a citizen who, in this case, expressed concern for public safety by reporting he had just witnessed defendant acting intoxicated then driving from his residence.[3] <u>See</u> <u>id.</u> at 219-20 (distinguishing between citizen and criminal informants). If the informer is a "'concerned citizen' or a known person[,]" <u>Amelio</u>, <u>supra</u>, 197 <u>N.J.</u> at 212-13 (quoting <u>Wildoner v. Borough of Ramsey</u>, 162 <u>N.J.</u> 375, 390 (2000)), less scrutiny attaches to

---

[3] It is likewise well-settled that symptoms of intoxication are common knowledge capable of description by a lay person. <u>State v. Amelio</u>, 197 <u>N.J.</u> 207, 214-15, <u>cert. denied</u>, 556 <u>U.S.</u> 1237, 129 <u>S. Ct.</u> 2402, 173 <u>L. Ed.</u> 2d 1297 (2009) (citations omitted).

A-5435-15T3

the informant's reliability because a citizen "acts with an intent to aid the police in law enforcement because of his concern for society or for his own safety." Ibid. (internal citation and quotation marks omitted); see also State v. Williams, 251 N.J. Super. 617, 626-27 (App. Div. 1991).

Here, while the neighbor is not named in the police report, he provided information to Olsen in person, outside his residence, and did not seek some favor in return. Olsen not only corroborated the identity of the vehicle described by the citizen informant, but also confirmed the specifically described vehicle, a red Ford Explorer, had been driven to the nearest convenience store as suggested by the neighbor. Further, defendant twice failed to stop his vehicle when Olsen signaled by first activating his vehicle's emergency lights, and then activating his vehicle's siren.[4]

We are satisfied that Officer Olsen had a reasonable and articulable suspicion to conduct the stop in light of: the reliability of his concerned neighbor's providing detailed information; the corroboration of the neighbor's identification

---

[4] Even if Olsen's initial signal to stop were not supported by reasonable suspicion, however, defendant's subsequent refusal to stop was contrary to the well-settled principle that a defendant does not have a right to elude police in response to an unconstitutional stop. State v. Herrerra, 211 N.J. 308, 334-35 (2012)(citations omitted).

of the vehicle, and the vehicle's location; and the danger to public safety posed by the operation of a motor vehicle that twice failed to stop when signaled to do so by law enforcement. Therefore, a motion to suppress the stop was meritless, and the PCR judge correctly ruled that defendant failed to establish a prima facie case of ineffective assistance of counsel entitling him to a hearing as defendant failed to satisfy either of the Strickland prongs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION